This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                    **NO. 35,038**

**VERONICA MARTINEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett R. Loveless, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Appellate Defender
Becca Salwin, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

{1}     Defendant appeals her conviction for attempted tampering with evidence. *See* NMSA 1978, § 30-22-5 (2003) (tampering with evidence); NMSA 1978, § 30-28-1 (1963) (attempt to commit a felony). We issued a notice of proposed summary disposition, proposing to affirm. In response, Defendant has filed a timely memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

{2}     Defendant continues to argue that she cannot be convicted of attempt to commit tampering with evidence of a probation violation, which occurred in the course of trying to obtain a clean urine test while on probation, when the underlying crime for which she was serving probation was a misdemeanor offense. Our notice proposed to affirm, explaining that *State v. Jackson*, 2010-NMSC-032, 148 N.M. 452, 237 P.3d 754, was the pertinent authority. *Jackson* addressed a factually similar scenario in which a defendant was charged with tampering with evidence for bringing a bottle of urine into the probation office in order to obtain a clean urinalysis result while he was serving a term of probation. *Id.* ¶ 3. After an examination of the history of the tampering statute, our Supreme Court concluded that the defendant's conduct in *Jackson* was punishable because "the Legislature included the 'indeterminate crime' provision, Section 30-22-5(B)(4), to punish acts of tampering with evidence where no underlying crime could be identified." *Jackson*, 2010-NMSC-032, ¶ 21.

**{3}** In response, Defendant attempts to distinguish *Jackson* from the present case by arguing that tampering with evidence of a probation violation was an indeterminate crime in *Jackson* only because the State failed to identify what crime the defendant was serving probation for, whereas the State knew what crime Defendant was serving probation for in the instant case. [MIO 3] Defendant's argument is unavailing. Irrespective of an identifiable underlying crime, *Jackson* makes clear that "[t]he crime of tampering with evidence is complete the moment the accused commits the prohibited act with the requisite mental state, regardless of whether any subsequent police investigation does or even could materialize." *Id.* ¶ 9.

**{4}** To the extent Defendant argues that this creates an unfair result because it would result in the same punishment for tampering with evidence of a probation violation where the crime for which probation is being served is a misdemeanor as opposed to a felony, [MIO 4] we are unpersuaded. In *Jackson*, our Supreme Court articulated that "[t]ampering with evidence is uniquely offensive under the criminal code because when one acts intentionally to destroy, change, hide, place or fabricate physical evidence, that person seeks to deprive the criminal justice system of information." *Id.* ¶ 10. Accordingly, a person who tampers with evidence in the context of a probation violation by attempting to provide a false urine sample violates "the integrity of the criminal justice system," *id.*, and our Legislature has chosen to

3

punish that crime as a fourth-degree felony, irrespective of the underlying crime for which that person was serving probation. To the extent Defendant argues that "[n]ot all probations are created equal," because "[f]elony probation carries a longer term and harsher penalty upon violation," [MIO 4] we remain unpersuaded because tampering with evidence is a crime because it impacts the very administration. Tampering with evidence is a crime directed against the integrity of the criminal justice system itself that our Supreme Court called "uniquely offensive." *Jackson*, 2010-NMSC-032, 10. Because this is so, neither the nature and the underlying crime, nor the probation being served is relevant to our decision. *Id.* ¶ 10. A person who is serving probation for a felony and violates that probation may face other more serious consequences than a person who violates probation that is being served for a misdemeanor.

{5} Lastly, we note that Defendant's memorandum in opposition does not point this Court to any authority holding that, in the context of a probation violation, the underlying offense in a tampering with evidence charge is the crime for which the defendant was serving probation. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (reciting that "[o]ur courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law"). Rather, the only case discussed by

Defendant in the context of a probation violation is *Jackson*, which we have distinguished in our notice and above. Accordingly, for the reasons stated above and in our notice of proposed summary disposition, we affirm.

{6}    **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**


**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**J. MILES HANISEE, Judge**